**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

ANTHONY ROMANO,

                Plaintiff,                      16-CV-081-A
                                                                   **DECISION AND ORDER**
            v.

LISA LISSON, in her official and individual capacities;
KAREN CROWLY, Deputy Superintendent, in her official and individual capacities;
THERESA CAMPBELL, in her official and individual capacities;
SCARVANI, in their official and individual capacities;
C.O. EVERTT, in their official and individual capacities;
CHIEF STIRK, in their official and individual capacities;
CAPTAIN SCARELLI, in their official and individual capacities;
SERGEANT STEVEN A. BLASK, in his official and individual capacities;
SERGEANT HAYES, in their official and individual capacities; and
JOHN B. LEMPKE, SUPERINTENDENT, in his official and individual capacities,

                Defendants.
_____

In this prisoner civil rights case, Defendants Lisson, Crowley, Evertt, Stirk, Blask and Lempke move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the official-capacity claims brought against them in the Plaintiff's amended complaint. *See* Docket No. 30. Specifically, the Defendants note that the official-capacity claims are barred by New York State's Eleventh Amendment immunity. The Plaintiff, represented by *pro bono* counsel, has informed the Court that he does not oppose the Defendants' motion. *See* Docket No. 32.

Because the Plaintiff seeks declaratory relief, compensatory damages, and punitive damages—but not injunctive relief—the moving Defendants' motion is granted. *See, e.g.*, *Browdy v. Karpe*, 131 F. App'x 751, 752-53 (2d Cir. 2005) ("To the extent [plaintiff] sues defendants in their 'official capacity' as employees of . . . a state agency,

1

his §§ 1983, 1985, and 1986 claims for money damages are barred by the Eleventh Amendment."); *In re Deposit Ins. Agency*, 482 F.3d 612, 618 ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, . . . in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'") (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2007)); *Abdur-Raheem v. Selsky*, 598 F. Supp. 2d 367, 369 (W.D.N.Y. 2009) (observing that punitive-damages claim brought against a state official in his official capacity is barred by the Eleventh Amendment). The Plaintiff's official-capacity claims against Defendants Lisson, Crowley, Evertt, Stirk, Blask and Lempke are therefore dismissed.

By separate order, the Court will refer this case to a magistrate judge for further proceedings.

**SO ORDERED.**

Dated: October 11, 2018      ___*S/Richard J. Arcara*___
    Buffalo, New York      HONORABLE RICHARD J. ARCARA
                                          UNITED STATES DISTRICT JUDGE