UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY ROMANO,

                          Plaintiff,

                                                                         **DECISION AND ORDER**
       v.                                                                       16-CV-81-A

LISA LISSON, in her official and individual capacities;
KAREN CROWLEY, Deputy Superintendent, in her
official and individual capacities;
THERESA CAMPBELL, in her official and individual
capacities;
SCARVANI, in their official and individual capacities;
C.O. EVERTT, in their official and individual capacities;
CHIEF STIRK, in their official and individual capacities;
CAPTAIN SCARELLI, in their official and individual
capacities;
SERGEANT STEVEN A. BLASK, in his official and
individual capacities; and
JOHN B. LEMPKE, SUPERINTENDENT, in his official
and individual capacities,[1]

                                       Defendants.
_____

      In this prisoner civil rights action commenced by Plaintiff Anthony Romano,[2] an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff asserts various constitutional

---

[1] Defendants note in their answer to the amended complaint that several defendants have been improperly named by Plaintiff in the caption, *i.e.*, Leslie Lisson is improperly named "Lisa" Lisson, Mark Scrivani is improperly named "Scarvani", and Stephen Casaceli is improperly named "Captain Scarelli."

[2] Plaintiff commenced this lawsuit *pro se* but has since been appointed *pro bono* counsel. *Pro bono* counsel filed the operative, amended complaint (Dkt. No. 22) on May 31, 2018.

1

violations against defendants, in both their individual and official capacities, who were all officials at Wende Correctional Facility where Plaintiff was housed in 2013 and 2014 (collectively, "Defendants"). The 28 United States Code § 1983 causes of action are: (1) denial of access to mail, including legal mail; (2) denial of access to the phone; (3) denial of access to the courts; (4) denial of right to association, including reasonable access to friends, family, and attorneys; and (5) denial of due process rights. The case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings.

On September 29, 2022, Magistrate Judge Roemer issued a Report and Recommendation ("R&R") (Dkt. No. 95) recommending that Defendants' motion for summary judgment (Dkt. No. 84) be granted in part and denied in part.

Federal Rule of Civil Procedure 72(b)(3) provides, "[t]he district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*" (emphasis added). Here, no objections to the R&R have been filed. "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." 1983 Advisory Committee Note to Fed. R. Civ. P. 72(b); *see Patton v. Ford Motor Co.*, 14-CV-0308-RJA-HBS, 2017 WL 2177621, 2017 U.S. Dist. LEXIS 76148, *5 (W.D.N.Y. May 18, 2017) (same).

The Court finds no clear error with respect to Magistrate Judge Roemer's recommendations. As such, it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 636(b)(1) and for the reasons set forth in the R&R, Defendants' motion (Dkt. No. 84) for summary judgment is GRANTED to the extent that Plaintiff's official capacity claims and request for declaratory judgment are dismissed, and Defendants' motion is otherwise DENIED; and it is further

**ORDERED** that this case is recommitted to Magistrate Judge Roemer for further proceedings, specifically, mediation.

**IT IS SO ORDERED.**

      *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   October 25, 2022
         Buffalo, New York