UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ANTHONY ROMANO,

                Plaintiff,

    v.                                         **DECISION AND ORDER**
                                                        16-CV-81-RJA

LISA LISSON;
KAREN CROWLEY, Deputy Superintendent;
THERESA CAMPBELL; SCARVANI;
C.O. EVERTT; CHIEF STIRK;
CAPTAIN SCARELLI;
SERGEANT STEVEN A. BLASK; and
JOHN B. LEMPKE, SUPERINTENDENT,

                Defendants.

───────────────────────────────

*Pro se* Plaintiff Anthony Romano, an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this lawsuit pursuant to 42 U.S.C. § 1983 against the named defendants, officials and employees of DOCCS, alleging violations of his constitutional rights while being held at Wende Correctional Facility. For the reasons stated herein, Defendants' motion to dismiss (Dkt. No. 152) the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is GRANTED.

## BACKGROUND

In 2016, Plaintiff Anthony Romano filed his *pro se*, § 1983 Complaint in this case, regarding his incarceration at Wende C.F. in 2013-2014. After this Court screened the Complaint and dismissed the lawsuit for failure to state a claim, the

Second Circuit vacated the dismissal and remanded the case, directing this Court to afford Plaintiff leave to file an amended complaint regarding his claim that Defendants interfered with his mail and denied him access to the telephone.  The Circuit also suggested Plaintiff should be appointed counsel because of his history of mental health issues and the complexity of the phone access claim, which was an issue of first impression in the Second Circuit.

Upon remand in 2018, this Court appointed *pro bono* counsel.  Counsel filed the operative Amended Complaint in May 2018 against ten defendants, in their official and individual capacities, asserting the following causes of action under § 1983: (1) denial of access to mail (including legal mail); (2) denial of access to the phone; (3) denial of access to the courts; (4) denial of right to association; and (5) denial of his due process rights.  The lawsuit was later discontinued against one of the ten defendants, without prejudice, upon stipulation by the parties.

In October 2022, this Court adopted Magistrate Judge Michael J. Roemer's Report and Recommendation that recommended Plaintiff's official capacity claims and request for a declaratory judgment be dismissed, but that Defendants' motion for summary judgment otherwise be denied.  This Court also adopted the finding that Plaintiff had fully exhausted his administrative remedies with respect to his claim of interference with legal mail but there were issues of fact, requiring an evidentiary hearing, whether Plaintiff exhausted his administrative remedies as to his claims of interference with his personal mail and denial of access to the telephone.

Judge Roemer then held an evidentiary hearing on the exhaustion issue.

On January 19, 2023, Plaintiff was transported to the Courthouse from the facility in which he was housed, but immediately before the hearing began, he advised his attorney that he was experiencing medical issues and was unable to participate in or attend the hearing (see Dkt. No. 106, p. 1). The Court and counsel for both parties agreed to proceed with the testimony of a non-party witness, and to adjourn the remainder of the hearing, that is, Plaintiff's testimony and that of the two Defendants, so that Plaintiff would have the opportunity to be present and testify. Judge Roemer noted for the record that Plaintiff has had numerous other lawsuits in this District, and a refusal to provide testimony for depositions seemed to be a pattern of behavior in Plaintiff's other litigation. Judge Roemer instructed Plaintiff's counsel to inform him that should he fail to appear for and participate on the next-scheduled hearing date of February 27, 2023, the Court would finish the hearing in his absence and decide the exhaustion issue based upon the testimony of the defense witnesses and the deposition testimony Plaintiff had previously provided.

Prior to the hearing continuation date, Plaintiff wrote to the Magistrate Judge (Dkt. No. 104) requesting an adjournment, stating he had a scheduling conflict with a deposition at his facility for another federal court matter. The continuation of the hearing was rescheduled for April 19, 2023.

On April 19, 2023, the Magistrate Judge was informed that Plaintiff refused transport to the Courthouse. A form indicating Plaintiff's reason for refusal of transport (Dkt. No. 106, p. 2) stated Plaintiff "did not want to go…not enough time to get ready." As such, Judge Roemer conducted the remainder of the hearing in Plaintiff's absence and Plaintiff's deposition testimony was entered as an exhibit.

In February 2024, the Court issued a Decision and Order adopting Judge Roemer's Report and Recommendation on the exhaustion hearing, concluding: (1) Plaintiff failed to exhaust his claim of interference with use of the telephone, and therefore all causes of action making that claim were dismissed; and (2) Plaintiff exhausted his claim of interference with his personal mail (a First Amendment issue), and all such claims would proceed to trial.[1]

Upon referring the case to mediation in March 2024, the Court's Alternative Dispute Resolution Administrator held two mediation sessions with the parties, which were unsuccessful. It was noted on July 1, 2024, that the case had not settled, and mediation was complete.

In June 2024, the Court received letters from Plaintiff regarding mediation, complaining about *pro bono* counsel, which the Court docketed under seal due to their contents. In addition to disparaging remarks about his attorney, Plaintiff stated that he wanted to "go to trial ASAP" if his settlement demands were not met, and that he had "waited over 10 long, long years now for … trial." On July 2, 2024, Plaintiff's *pro bono* attorney since 2018 filed a motion to withdraw based on the obvious breakdown in the attorney-client relationship. In that motion, Plaintiff's counsel stated, "Based on my experience with Mr. Romano over the past six years, I feel he understands this matter and is capable of proceeding *pro se* for the remainder of this case." In a text order, a copy of which was mailed to Plaintiff, this

---

[1] Thus, nine defendants (sued in their individual capacities, only) remain in this lawsuit, along with four causes of action: (1) access to mail; (2) access to courts (re: access to mail); (3) right to association (re: access to mail); and (4) due process (re: access to mail).

4

Court granted counsel's motion to withdraw and scheduled a status conference for August 19, 2024. Plaintiff was also informed of the Court's subsequent rescheduling of the status conference to October 3, 2024. Although Plaintiff did not notify the Court that he had changed facilities in the interim, because the Court was aware of this move from Plaintiff's other ongoing Court cases in this District, it mailed several of its text orders to both Plaintiff's old Mohawk Correctional Facility Address and his new Groveland Correctional Facility address.

On September 6, 2024, a new Assistant Attorney General filed a Notice of Appearance on behalf of Defendants (Dkt. No. 132). He mailed a copy of this filing to Plaintiff at Groveland C.F., which was returned to counsel with the notification, "INMATE REFUSES TO ACCEPT LEGAL MAIL." *See* Dkt. Nos. 132-1; 152-2.

On October 3, 2024, the Court held the status conference. The Court learned that Plaintiff had refused transport and conveyed this to defense counsel. Defense counsel then moved to dismiss the case for failure to prosecute, under Rule 41(b). The Court reserved decision and scheduled another status conference for November 14, 2024. On October 4, 2024, the Court also issued the following text order (Dkt. No. 136):

> TEXT ORDER as to Anthony Romano: On 10/3/2024 at 9:00 AM, the Court held a status conference as the case is trial-ready. A writ was issued for *pro se* Plaintiff's appearance at the status conference; however, Plaintiff refused transport. Counsel for Defendants orally moved for dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), based on failure to prosecute, and the Court reserved decision.
>
> The Court also briefly noted on the record on 10/3/2024 that it is aware of Plaintiff's two civil cases currently pending before the Hon. John L. Sinatra, Jr., *i.e., Romano v. Salotti*, 17-CV-465-JLS, and *Romano v.*

5

>*Ulrich*, 13-CV-633-JLS, in which Judge Sinatra has provided Plaintiff with multiple opportunities to pursue his claims after scheduling those cases for trial but Plaintiff has repeatedly refused to appear. Judge Sinatra recently removed the trial-related hearings and dates from his calendar, and stated an Order would follow with a determination on the Rule 41 dismissal motion made by counsel for defendants in both cases.
>
>The Court has not set a trial date in this case, and this is the first time Plaintiff has failed to appear before this Court. However, the Court cannot ignore the pattern of behavior occurring in Plaintiff's other cases pending in this District. **Another writ will be issued for Plaintiff's appearance on the next-scheduled status conference on 11/14/2024, at 9:00 AM, and Plaintiff is warned that should he fail to appear on 11/14/2024, the Court will consider dismissal of this case under Fed. R. Civ. P. 41(b).**
>
>A copy of this Text Order, as well as the Minute Entry from the status conference held on 10/3/2024, is being mailed to Anthony Romano at Groveland C.F., as the Court is aware he has moved facilities. SO ORDERED. Issued by Hon. Richard J. Arcara on 10/4/2024.(KTT) (Entered: 10/04/2024)

(emphasis in original).

Both the text order and minute entry from the October 3, 2024, status conference were mailed to Plaintiff at Groveland C.F.[2] The minute entry mailing was later returned to the Court as undeliverable, because "INMATE REFUSES TO ACCEPT LEGAL MAIL." Dkt. No. 146.

By letter dated October 17, 2024, Plaintiff stated his participation in any telephone conference was "out of the question" because he had "something going

---

[2] This mail was initially returned as undeliverable because the mailing address did not contain Plaintiff's DIN number. The Clerk's Office accordingly remailed those documents correcting that omission. *See* Dkt. Nos. 139, 140.

6

on with [his] voice as well as [his] esophagus."[3]  Plaintiff also proclaimed he was "not going to any civil trial without an attorney at this time."  Shortly thereafter, Plaintiff moved for an extension of time to file a notice of appeal, and filed a notice of appeal, although the Court had not issued an order dismissing the case.  As such, the extension motion was denied, and the notice of appeal was deemed as having been improvidently filed as premature and therefore a nullity.  The Court's October 23, 2024, text order disposing of these filings also quoted the first three paragraphs of its October 4, 2024, text order, reiterating its warning that Plaintiff's failure to appear for the next status conference could result in case dismissal.

On October 28, 2024, the Court rescheduled the November 14, 2024, status conference to November 19, 2024.  In its text order *sua sponte* moving this Court appearance, the Court stated, "**The defense shall prepare another writ to be issued for Plaintiff's appearance on 11/19/24 and, as indicated previously by the Court, should Plaintiff fail to appear for the status conference, the Court will consider dismissal of this case.**" (emphasis in original).  A copy of this text order was mailed to Plaintiff.

At the November 19, 2024, status conference, Plaintiff again refused transport to the Courthouse, as evidenced in the waiver/ refusal form received by the Court from Groveland C.F. (Dkt. No. 150) and signed by Plaintiff.  His stated reason for refusal this time was "do [sic] to stroke + speech [sic] imparrment [sic] no courts."  Defense counsel orally renewed his Rule 41(b) motion, and the Court directed him

---

[3] The Court required the parties to appear in person for each of its scheduled status conferences.

7

to file that motion in writing. A copy of the minute entry from November 19, 2024, was mailed to Plaintiff. Again, the mailing was returned to the Court with the notation, "INMATE REFUSES TO ACCEPT LEGAL MAIL" (Dkt. No. 151).

## DISCUSSION

### I.  LEGAL STANDARD

Rule 41(b) "authorizes a district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024) (per curiam), quoting Fed. R. Crim. P. 41(b). Failure to prosecute can stem from "either [ ] an action lying dormant with no significant activity to move it or [ ] a pattern of dilatory tactics"; with respect to the latter, examples include "groundless motions, repeated requests for continuances or persistent late filings of court ordered papers." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

A district court contemplating dismissal under this rule "must weigh five factors[.]" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). The five factors are:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.*, quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Indeed, "even when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the

8

court's directive, the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault' by evaluating [the five] criteria." *Baptiste*, 768 F.3d at 217, quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013).[4]

No single factor is dispositive, as the determination whether to dismiss a case for failure to prosecute depends on the factual circumstances at hand. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001), citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). These factors can be applied in a "straightforward" manner where a plaintiff engages in "dilatory, contumacious, or forgetful behavior"—like failing to comply with discovery or filing deadlines, overlooking scheduled court dates, or other such misconduct. *Lewis*, 564 F.3d at 576-77.

The Court recognizes that, while a decision to dismiss a case is a product of the Court's discretion, because dismissal with prejudice is such a harsh sanction, "a *pro se* litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Baptiste*, 768 F.3d at 217 (internal quotations marks and citation omitted). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Walker v. County Clerk's Office*, 22-cv-00885(JJM), 2023 U.S. Dist. LEXIS 105602, *3 (W.D.N.Y. May 31, 2023) (internal quotation marks and

---

[4] While the district court is not required to discuss the factors on the record, the Second Circuit has found it "preferable" for the district court to expressly refer to the five factors to facilitate the Circuit's review of the dismissal order on appeal. *Long v. Lian*, Nos. 23-267-pr, 23-6969-pr, 2024 U.S. Dist. LEXIS 23557, *4 (2d Cir. 2024) (summary order).

citation omitted). Indeed, "*pro se* litigants have an obligation to comply with a court's orders, and when they fail to do so, they, like all litigants, must suffer the consequences of their actions." *Jones v. City of Rochester*, 20-CV-545-FPG, 2022 U.S. Dist. LEXIS 93968, *6 (W.D.N.Y. May 25, 2022) (internal quotations marks and citation omitted).

## II.   APPLICATION

Each of the factors set forth above weigh in favor of dismissal of this action under Rule 41(b).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 255 (2d Cir. 2004). There is no question that the delay in this case is attributable to Plaintiff, and not Defendants. With respect to the duration of the delay, dilatory conduct "may warrant dismissal after merely a matter of months" or "may stretch out over a period of years[.]" *Lyell Theatre Corp.*, 682 F.2d at 42-43 (internal citations omitted); *see Jones*, 2022 U.S. Dist. LEXIS 93968, at *7 ("a short delay in litigation may still result in proper dismissal if the plaintiff has engaged in a pattern of intransigence"). Plaintiff has now failed to appear for two properly noticed status conferences, causing considerable delay in this trial-ready case. While the time between the status conferences is approximately one-and-a-half months, this most recent period of delay is not the only delay resulting from Plaintiff's action or inaction. As explained above, Plaintiff refused to participate in the hearing before

10

the Magistrate Judge due to claimed medical issues, and then asked to adjourn the remainder of the hearing only to refuse transport on the date the Court moved it to.[5]

Second, as to notice, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). The Court explicitly and repeatedly warned Plaintiff that continued nonappearance could result in dismissal of this action under Rule 41(b). *See* Dkt. Nos. 136, 145, 147. Despite these recurrent warnings, Plaintiff refused to participate in the proceeding on November 19, 2024, and although certain filings were returned as undeliverable because Plaintiff refused to accept legal mail, it appears Plaintiff received the Court's three text orders warning him of possible dismissal as those orders were mailed to Plaintiff and not returned.

Third, "[p]rejudice to a defendant resulting from unreasonable delay may be presumed as a matter of law when a plaintiff fails to…comply with court orders[.]" *Jones*, 2022 U.S. Dist. LEXIS 93968, at *9 (internal citations omitted); *see Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed[.]"). The Court finds that the delay here is unreasonable, and Defendants are likely to be prejudiced by further delay. Defense counsel has

---

[5] Plaintiff also failed to timely provide the Court with his updated address upon his transfer from Mohawk C.F. to Groveland C.F. This inaction alone could warrant dismissal of the case with prejudice, as Local Rule of Civil Procedure 5.2(d) requires a *pro se* litigant to "inform the Court immediately, in writing, of any change of address." *See Johnson v. Yasar*, 20-cv-00810(JLS)(JJM), 2023 U.S. Dist. LEXIS 192860, *4 n.3 (W.D.N.Y. Oct. 26, 2023), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 4637 (W.D.N.Y. Jan. 9, 2024).

attended several Court proceedings where Plaintiff refused to appear, and further delay will cause increased litigation costs to Defendants. Plaintiff's actions have also hindered the ability of Defendants to prepare for and proceed to trial. This case has been pending for well over eight years, and the alleged events from which this lawsuit arises occurred over a decade ago. *See*, *e.g.*, *Romano v. Ulrich*, 13-CV-633 (JLS) (MJR), 2024 U.S. Dist. LEXIS 201880, *7 (W.D.N.Y. Oct. 4, 2024) ("further delay in this case—which arises out of an event alleged to have occurred approximately 13 years ago—could impair Defendants' trial testimony, given that witnesses' memories fade"). Even Plaintiff has acknowledged the lengthy duration of this litigation, stating in one of his letters to the Court that he had "waited over 10 long, long years now for … trial."

Fourth, the Court "must strike a balance between alleviating the congestion of its calendar and protecting [plaintiff's] right to due process and his chance to be heard." *Jones*, 2022 U.S. Dist. LEXIS 93968, at *9 (internal quotation marks and citations omitted). The Court concludes that dismissal of this action maintains this balance. Plaintiff's repeated failure to attend Court appearances and periodic refusal to accept legal mail demonstrates that this case is congesting this Court's docket. Moreover, while the Court has a busy calendar, Plaintiff has had a full and fair opportunity to pursue his claims. He has stated most recently, however, "no courts," and has indicated that he would not even appear for Court via telephone, signaling to the Court that he has no continuing interest in litigating this lawsuit.

Finally, this Court has considered lesser sanctions and finds they would not be effective in this case. "Courts in this Circuit have determined that monetary

12

sanctions are usually not appropriate for a *pro se* and/or *in forma pauperis* plaintiff." *Jones*, 2022 U.S. Dist. LEXIS 93968, at *10, citing *Henderson v. Levy*, 2019 U.S. Dist. LEXIS 34211, 15-CV-802-RJA-MJR, *12 (W.D.N.Y. Feb. 25, 2019) ("[B]ecause plaintiff is proceeding *pro se*, monetary sanctions would not be appropriate."), *report and recommendation adopted*, 15-CV-802A, 2019 U.S. Dist. LEXIS 52963 (W.D.N.Y. Mar. 28, 2019).  Furthermore, the Court's ample warnings, affording Plaintiff a full and fair opportunity to be heard, have not prompted Plaintiff to appear and move his case forward.

Over the course of his litigation before this Court, Plaintiff has exhibited a pattern of willful conduct and bad faith.  In considering the entire record and application of the five factors weighing in favor of dismissal, the Court finds that dismissal with prejudice is the only appropriate sanction here.[6]

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss (Dkt. No. 152), with prejudice, pursuant to Rule 41(b).  The Clerk of the Court is directed to take all steps necessary to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be

---

[6] Honorable District Judge John L. Sinatra, Jr., recently dismissed two of Plaintiff's other pending § 1983 cases for failure to prosecute.  *See Romano v. Salotti*, 17-CV-465 (JLS) (MJR), 2024 U.S. Dist. LEXIS 181897 (W.D.N.Y. Oct. 4, 2024); *Romano v. Ulrich*, 13-CV-633 (JLS) (MJR), 2024 U.S. Dist. LEXIS 201880 (W.D.N.Y. Oct. 4, 2024).

directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                       *s/Richard J. Arcara*
                                       HONORABLE RICHARD J. ARCARA
                                       UNITED STATES DISTRICT COURT

Dated:   December 11, 2024
          Buffalo, New York